**WO**                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Kurt Dineso Andrillion,                    )   No. CV 11-825-PHX-GMS (MEA)
                                           )
          Plaintiff,                       )   **ORDER**
                                           )
vs.                                        )
                                           )
Warden Bruno Stolc, et al.,                )
                                           )
          Defendants.                      )
_____)

On April 22, 2011, Plaintiff Kurt Dineso Andrillion, who is confined in the Corrections Corporation of America's Red Rock Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed *In Forma Pauperis*, and a Motion for Appointment of Counsel (Doc. 4). In an April 28, 2011 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to file a complete Application to Proceed *In Forma Pauperis* on a court-approved form.

On May 6, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 7). The Court will grant the second Application to Proceed, will dismiss the Complaint with leave to amend, and will deny without prejudice the Motion for Appointment of Counsel.

**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $6.84. The remainder of

JDDL-K

1   the fee will be collected monthly in payments of 20% of the previous month's income each

2   time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will

3   enter a separate Order requiring the appropriate government agency to collect and forward

4   the fees according to the statutory formula.

5   **II.      Statutory Screening of Prisoner Complaints**

6          The Court is required to screen complaints brought by prisoners seeking relief against

7   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

8   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

9   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1), (2).

12         A pleading must contain a "short and plain statement of the claim *showing* that the

13  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

14  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

15  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

16  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements, do not suffice."  Id.

18         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

19  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

20  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

21  that allows the court to draw the reasonable inference that the defendant is liable for the

22  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

23  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

24  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

25  allegations may be consistent with a constitutional claim, a court must assess whether

26  there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

27         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

28  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

**JDDL-K**                                        - 2 -

Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

In his three-count Complaint, Plaintiff sues the following Defendants at the Red Rock Correctional Center: Warden Bruno Stolc, Safety Manager Samantha Grossman, Kitchen Manager Joe Stilchen, and Nurse Practitioner Donald Casebolt.

In Counts One and Two, Plaintiff alleges violation of his Eighth Amendment rights. In Count One, he states that he was assigned to work in the kitchen; that "prison officials" knowingly compelled inmates to perform physical labor in wet and slippery conditions, while wearing tennis shoes rather than adequate work boots; and that, in the course of unloading cargo from the back dock, he slipped, fell, and suffered injuries to his knee, back, and hip. In Count Two, he claims that he told the associate warden that he did not want to perform duties on the back dock and that the associate warden threatened him with disciplinary actions if he did not perform those duties.  Plaintiff also alleges that he spoke to the associate warden regarding work boots and that she "referred" Plaintiff to Defendant Grossman, who "consistently stated that the issue is being reviewed."

In Count Three, Plaintiff alleges a violation of his Fourteenth Amendment right to equal protection because "doctors" failed to immediately treat him for the injuries suffered

1   during the fall and made "inappropriate comments about body parts being big or the

2   slandering of being called 'fat.'" Plaintiff contends that he had to wait four days to see a

3   professional who diagnosed his injuries.

4       In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary

5   damages, a jury trial, and his costs of suit.

6   **IV.   Failure to State a Claim**

7       Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,

8   520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

9   Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

10  a liberal interpretation of a civil rights complaint may not supply essential elements of the

11  claim that were not initially pled.  Id.

12      **A.   Failure to Link Defendants with Injuries**

13      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

14  injury as a result of specific conduct of a defendant and show an affirmative link between the

15  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

16  (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

17  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

18  does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S.

19  658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

20  880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens

21  and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

22  official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

23      Plaintiff has not alleged that Defendants Stolc, Stilchen, and Casebolt personally

24  participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation

25  and failed to act, or formed policies that resulted in Plaintiff's injuries.  Thus, the Court will

26  dismiss without prejudice Defendants Stolc, Stilchen, and Casebolt.

27  . . . .

28  . . . .

JDDL-K                                   - 4 -

## B.   Failure to State a Claim—Counts One and Two

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834. Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002).

Claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). In Osolinski v. Kane, 92 F.3d 934 (9th Cir.1996), a prisoner alleged an Eighth Amendment violation because maintenance requests had been submitted, and prison officials had failed to repair an oven door that ultimately fell off and burned plaintiff's arm. The Ninth Circuit Court of Appeals concluded that defendants were entitled to qualified immunity, citing several cases which held that minor safety hazards did not violate the Eighth Amendment. See Robinson v. Cuyler, 511 F. Supp. 161, 163 (E.D. Pa. 1981) ("A slippery kitchen floor does not inflict 'cruel and unusual punishments.'"); Tunstall v. Rowe, 478 F. Supp. 87, 89 (N.D. Ill. 1979) (the existence of a greasy staircase on which prisoner slipped

1    and fell did not violate the Eighth Amendment); <u>Snyder v. Blankenship</u>, 473 F. Supp. 1208,

2    1212 (W.D. Va. 1979) (failure to repair leaking dishwasher which resulted in a pool of soapy

3    water in which prisoner slipped did not violate Eighth Amendment).

4        Plaintiff's allegations in Count One do not relate to any particular Defendant.  His

5    allegations in Count Two are either related to a non-party or suggest, at best, that Defendant

6    Grossman acted negligently.  This is insufficient to state a claim of deliberate indifference.

7    Moreover, although Plaintiff may have alleged that a minor safety violation occurred, he has

8    failed to allege anything that would suggest that any Defendant's conduct rose to the level

9    of cruel and unusual punishment.[1]

10       **C.    Failure to State a Claim—Count Three**

11       Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,]

12   a plaintiff must show that the defendants acted with an intent or purpose to discriminate

13   against the plaintiff based upon membership in a protected class." <u>Barren v. Harrington</u>, 152

14   F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged he is a member of a protected

15   class.

16       The United States Supreme Court has also recognized "successful equal protection

17   claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally

18   treated differently from others similarly situated and that there is no rational basis for the

19   difference in treatment." <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>see</u>

20   <u>also</u> <u>SeaRiver Maritime Financial Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir.

21   2002).  Even under this standard, Plaintiff has failed to state a claim.  Plaintiff has failed to

22   allege that he was treated differently than other similarly situated individuals and that there

23

24

25       [1]Although the Ninth Circuit held in <u>Frost v. Agnos</u>, 152 F.3d 1124, 1129 (9th Cir.

26   1998), that slippery floors could establish a constitutional claim, that case is distinguishable.
     In <u>Frost</u>, the court found a violation of Eighth Amendment based on the fact that the plaintiff

27   used crutches and suffered repeated injuries, of which prison officials were aware, caused

28   by a slippery bathroom floor in a bathroom without adequate handicapped shower facilities.
     Plaintiff presents no such facts here.

was no rational basis for treating him differently.  Thus, Plaintiff has failed to state an equal protection claim in Count Three.

In addition, not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976).   A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference."  Clement, 220 F. Supp. 2d at 1105; see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs."  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for

1   deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

2   407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

3   "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105.

4          Plaintiff's allegations in Count Three are vague and conclusory, unrelated to any

5   named Defendant, and do not suggest that any named Defendant was acting with deliberate

6   indiffrence to serious medical needs.  Thus, the Court will dismiss without prejudice Count

7   Three.

8   **V.    Leave to Amend**

9          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

10  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

11  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

12  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

13  to use the court-approved form, the Court may strike the amended complaint and dismiss this

14  action without further notice to Plaintiff.

15         Plaintiff must clearly designate on the face of the document that it is the "First

16  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

17  entirety on the court-approved form and may not incorporate any part of the original

18  Complaint by reference.  Plaintiff may include only one claim per count.

19         If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

20  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

21  the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

22  (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

23  constitutional right; and (5) what specific injury Plaintiff suffered because of that

24  Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

25         Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff

26  fails to affirmatively link the conduct of each named Defendant with the specific injury

27  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

28

1 state a claim. **Conclusory allegations that a Defendant or group of Defendants have**

2 **violated a constitutional right are not acceptable and will be dismissed**.

3 A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

4 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

5 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as

6 nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Any cause of action that was raised in the original

7 complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d

8 565, 567 (9th Cir. 1987).

9 **VI.   Motion for Appointment of Counsel**

10 There is no constitutional right to the appointment of counsel in a civil case. <u>See</u> <u>Ivey</u>

11 <u>v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982). In

12 proceedings *in forma pauperis*, the court may request an attorney to represent any person

13 unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C.

14 § 1915(e)(1) is required only when "exceptional circumstances" are present. <u>Terrell v.</u>

15 <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional

16 circumstances requires an evaluation of the likelihood of success on the merits as well as the

17 ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue

18 involved. <u>Id.</u> "Neither of these factors is dispositive and both must be viewed together

19 before reaching a decision." <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th

20 Cir. 1986)).

21 Having considered both elements, it does not appear at this time that exceptional

22 circumstances are present that would require the appointment of counsel in this case.

23 Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court will

24 deny without prejudice Plaintiff's Motion for Appointment of Counsel.

25 **VII.   Warnings**

26 **A.   Release**

27 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

28 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. 7) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.84.

(3)     Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **denied without prejudice**.

(4)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 10th day of May, 2011.

*A. Murray Snow*

G. Murray Snow
United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  <u>See</u> LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division.  If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.  If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  <u>See</u> LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis* application). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:   _____
> Address:_____
>      Attorney for Respondent(s)
> _____
> (Signature)

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved form.  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10.   Exhibits.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging.  Do **not** submit any other exhibits with the petition.  Instead, you should paraphrase the relevant information in the petition.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Warnings.

    a.  Judgment Entered by a Single Court.  You may challenge the judgment entered by only one court.  Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.  If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

    b.  Grounds for Relief.  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

    c.  Exhaustion.  In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.  If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.  If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

### FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Petitioner)                 )
          Petitioner,              )
                                          )
    vs.                                 )  **CASE NO.** _____
                                          )        (To be supplied by the Clerk)
_____ ,  )
(Name of the Director of the Department of )
Corrections, Jailor or authorized person having )
custody of Petitioner)                     )
                                          )  **PETITION UNDER 28 U.S.C. § 2254**
                                          )  **FOR A WRIT OF HABEAS CORPUS**
        Respondent,               )  **BY A PERSON IN STATE CUSTODY**
        and                       )  **(NON-DEATH PENALTY)**
The Attorney General of the State of _____ , )
                                          )
        Additional Respondent.    )
_____   )

### PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____

_____

_____

    (b)  Criminal docket or case number: _____

2.  Date of judgment of conviction: _____

3.  In this case, were you convicted on more than one count or crime?    Yes ☐     No ☐

Revised 3/9/07                                      1                                      **530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?
     Not guilty                ☐
     Guilty                       ☐
     Nolo contendere (no contest)     ☐

     (b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

     (c)  If you went to trial, what kind of trial did you have?  (Check one)     Jury ☐     Judge only ☐

7.  Did you testify at the trial?     Yes ☐     No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
     Yes ☐     No ☐

     If yes, answer the following:

     (a)  Date you filed: _____

     (b)  Docket or case number: _____

     (c)  Result: _____

     (d)  Date of result: _____

     (e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

2

9.  Did you appeal to the Arizona Supreme Court?        Yes ☐        No ☐

   If yes, answer the following:

   (a)  Date you filed: _____

   (b)  Docket or case number: _____

   (c)  Result: _____

   (d)  Date of result: _____

   (e)  Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10.  Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐     No ☐

   If yes, answer the following:

   (a)  Date you filed: _____

   (b)  Docket or case number: _____

   (c)  Result: _____

   (d)  Date of result: _____

   (e)  Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?        Yes ☐        No ☐

   If yes, answer the following:

(a)  First Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

|   | Arizona Court of Appeals: | | Arizona Supreme Court: | |
|---|---|---|---|---|
| (1)  First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2)  Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)  Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

    <u>**CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐       No ☐

(c)  If yes, did you present the issue in a:
   Direct appeal  ☐
   First petition   ☐
   Second petition  ☐
   Third petition   ☐

(d)  If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e)  Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐       No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐    No ☐

    (c) If yes, did you present the issue in a:
          Direct appeal      ☐
          First petition      ☐
          Second petition    ☐
          Third petition      ☐

    (d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

    (e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐    No ☐

**GROUND THREE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐    No ☐

    (c) If yes, did you present the issue in a:
          Direct appeal     ☐
          First petition      ☐
          Second petition   ☐
          Third petition     ☐

    (d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

    (e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐    No ☐

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐      No ☐

(c) If yes, did you present the issue in a:
        Direct appeal      ☐
        First petition       ☐
        Second petition    ☐
        Third petition      ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐      No ☐

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available:  _____

_____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:  _____

_____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?        Yes ☐          No ☐

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

    (b)  Date that the other sentence was imposed:  _____

    (c)  Length of the other sentence:  _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?        Yes ☐          No ☐

16.  TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17.  Petitioner asks that the Court grant the following relief: _____
_____
_____
or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                            Date