**WO**                                                                                             MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurt Dineso Andrillion, | ) No. CV 11-825-PHX-GMS (MEA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Warden Bruno Stolc, et al., | ) |
| Defendants. | ) |

On April 22, 2011, Plaintiff Kurt Dineso Andrillion, who is confined in the Corrections Corporation of America's Red Rock Correctional Center (RRCC) in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion for Appointment of Counsel. In an April 28, 2011 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing fee or file a complete Application to Proceed *In Forma Pauperis* on a court-approved form.

On May 6, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. In a May 11, 2011 Order, the Court granted the second Application to Proceed, denied without prejudice the Motion for Appointment of Counsel, and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 14, 2011, Plaintiff filed his First Amended Complaint (Doc. 12). The Court will dismiss the First Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

## II. First Amended Complaint

A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. <u>Ferdik</u>, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his three-count First Amended Complaint, Plaintiff sues the following Defendants: Chief Deputy Warden L. Romero, RRCC Warden Bruno Stolc, Safety Manager Samantha Grossman, and Kitchen Manager Joe Stilchen. The gravamen of his First Amended Complaint is that he was given tennis shoes, rather than workboots, while working on slippery floors in the kitchen, and that he slipped and fell and injured himself.

In Count One, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because "(RRCC) deprived [him] of a basic human need (workboot)." He claims that because "RRCC" failed to provide him with workboots when it assigned him to work in wet and slippery conditions in the kitchen, he suffered physical injuries. He contends that "Defendants through its officers or employee[]s was responsible for the hazard complained of . . .[,] at least one of such persons had actual knowledge of hazard and neglected to give adequate knowledge of its presence or remove it promptly." He alleges that "[s]uch danger had existed for a suf[f]icient time reasonably to justify the inference that the failure to warn [Plaintiff] against it or remove it was attributable to a want of care."

In Count Two, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. He claims that he is a State of California inmate who was transferred to RRCC because of overcrowding issues and unsafe prison conditions in the California prisons. He asserts that, pursuant to a contract between the State of California and the Corrections Corporation of America, he was not to be treated any differently than he

1  would have been treated if he had remained in a California prison. He claims that in a
2  California prison he would have been issued workboots.

3  In Count Three, he alleges that as a "prisoner of the State of California imported into
4  the State of Arizona [he] should have been protected under the Equal Protection Clause."
5  He contends that he was forced to unload cargo and empty trash and he attempted to refuse
6  to do so "due to the hazardous situation." He claims that "Red Rock Correctional Center
7  knowingly assigned [him] to these conditions" and, when he attempted to change job
8  assignments, his request was denied. He asserts that he was "forced to perform duties in
9  unsafe conditions knowingly in tennis shoes" and his feet slipped from underneath him while
10 he was pulling a pallet, causing him to injure his lower back, hip, and knee.

11 In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary
12 damages, a jury trial, and his costs.

13 **III.    Failure to State a Claim**

14 Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
15 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.
16 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,
17 a liberal interpretation of a civil rights complaint may not supply essential elements of the
18 claim that were not initially pled. Id.

19 **A.    Failure to Link Defendants with Injuries**

20 To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
21 injury as a result of specific conduct of a defendant and show an affirmative link between the
22 injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
23 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
24 position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
25 does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.
26 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
27 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens
28

1 and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
2 official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.
3 　　　　As was the case with his original Complaint, Plaintiff has not alleged that Defendants
4 Romero, Stolc, Grossman, or Stilchen personally participated in a deprivation of Plaintiff's
5 constitutional rights, were aware of a deprivation and failed to act, or formed policies that
6 resulted in Plaintiff's injuries. Plaintiff has not made any allegations against these
7 Defendants. Thus, the Court will dismiss Defendants Romero, Stolc, Grossman, and
8 Stilchen.

### B.     Failure to State a Claim—Counts One and Two

10 　　　　An Eighth Amendment claim requires a sufficiently culpable state of mind by the
11 Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834
12 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due
13 care for the prisoner's safety. Id. at 835. To state a claim of deliberate indifference,
14 plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be,
15 objectively, "sufficiently serious"; the official's act or omission must result in the denial of
16 "the minimal civilized measure of life's necessities." Id. at 834. Second, the prison official
17 must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate
18 indifference to inmate health or safety. Id. In defining "deliberate indifference" in this
19 context, the Supreme Court has imposed a subjective test: "the official must both be aware
20 of facts from which the inference could be drawn that a substantial risk of serious harm
21 exists, and he must also draw the inference." Id. at 837 (emphasis added).

22 　　　　Deliberate indifference is a higher standard than negligence or lack of ordinary due
23 care for the prisoner's safety. Id. at 835. "Neither negligence nor gross negligence will
24 constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp.
25 2d 1098, 1105 (N.D. Cal. 2002).

26 　　　　Claims regarding slippery floors, without more, "do not state even an arguable claim
27 for cruel and unusual punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989),
28 *superseded by statute on other grounds as stated in* Lopez v. Smith, 203 F.3d 1122, 1130

- 5 -

1  (9th Cir. 2000). In <u>Osolinski v. Kane</u>, 92 F.3d 934 (9th Cir.1996), a prisoner alleged an
2  Eighth Amendment violation because maintenance requests had been submitted, and prison
3  officials had failed to repair an oven door that ultimately fell off and burned plaintiff's arm.
4  The Ninth Circuit Court of Appeals concluded that defendants were entitled to qualified
5  immunity, citing several cases which held that minor safety hazards did not violate the Eighth
6  Amendment. <u>See</u> <u>Robinson v. Cuyler</u>, 511 F. Supp. 161, 163 (E.D. Pa. 1981) ("A slippery
7  kitchen floor does not inflict 'cruel and unusual punishments.'"); <u>Tunstall v. Rowe</u>, 478 F.
8  Supp. 87, 89 (N.D. Ill. 1979) (the existence of a greasy staircase on which prisoner slipped
9  and fell did not violate the Eighth Amendment); <u>Snyder v. Blankenship</u>, 473 F. Supp. 1208,
10 1212 (W.D. Va. 1979) (failure to repair leaking dishwasher which resulted in a pool of soapy
11 water in which prisoner slipped did not violate Eighth Amendment).

12       Plaintiff's allegations in Counts One and Two do not relate to any particular
13 Defendant. Moreover, although Plaintiff may have alleged that a minor safety violation
14 occurred, he has failed to allege anything that would suggest that any Defendant's conduct
15 rose to the level of cruel and unusual punishment.[1] Thus, the Court will dismiss Counts One
16 and Two.

17       **C.    Failure to State a Claim—Count Three**

18       Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,]
19 a plaintiff must show that the defendants acted with an intent or purpose to discriminate
20 against the plaintiff based upon membership in a protected class." <u>Barren v. Harrington</u>, 152
21 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected
22 class.

23 . . . .

---

[1] Although the Ninth Circuit held in <u>Frost v. Agnos</u>, 152 F.3d 1124, 1129 (9th Cir. 1998), that slippery floors could establish a constitutional claim, that case is distinguishable. In <u>Frost</u>, the court found a violation of Eighth Amendment based on the fact that the plaintiff used crutches and suffered repeated injuries, of which prison officials were aware, caused by a slippery bathroom floor in a bathroom without adequate handicapped shower facilities. Plaintiff presents no such facts here.

1 | The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently. Thus, Plaintiff has failed to state an equal protection claim in Count Three.

## IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss his First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made two efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. 12) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

1      (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

    DATED this 23rd day of June, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge